AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
AND ARREST WARRANT

I, KELLY D. BENDER, Special Agent, Federal Bureau of Investigation ("FBI"), having been duly sworn, hereby depose and state as follows:

I. OBJECTIVE

This affidavit is presented in support of a criminal complaint against and arrest warrant for Anna M. Anderson (hereinafter "ANDERSON"), charging her with wire fraud, in violation of 18 U.S.C. § 1343.

II. CREDENTIALS

The affiant is a Special Agent with the Federal Bureau of Investigation (hereinafter "FBI"), with federal law enforcement powers. I have been employed with the FBI for nine years, and I am currently assigned to the Financial Institutional Fraud Squad in the FBI's Washington Field Office in Falls Church, Virginia. My duties include, but are not limited to, the investigation of alleged violations of federal criminal statutes which involve financial institutions and the preparation, presentation and service or criminal complaints, arrest and search warrants.

III. SOURCE OF EVIDENCE

Affiant is familiar with the facts and circumstances of this investigation. All relevant events described herein occurred in either the District of Columbia or the Eastern District of Virginia, into which the wire transfers occurred. The information contained in this affidavit is based upon my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals including review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that the defendant named herein has violated the federal wire fraud statute.

IV.   RELEVANT STATUTE

Title 18, United State Code, § 1343, provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises, transmits or causes to be transmitted by means of wire . . . communication in interstate . . . commerce, any writings . . . for the purpose of executing such scheme or artifice, shall be [guilty of this offense].

V.   FACTUAL BACKGROUND

1. In or about August of 2004, ANDERSON was hired as the bookkeeper for Global USA, Inc. (hereinafter "Global"), in Washington, D.C., earning a salary of approximately $41,500. ANDERSON's duties included paying payroll, paying creditors, making deposits, performing on-line banking, and reconciling the company's bank account. Global is a private organization involved in the lobbying business.

2. On or about August 25, 2005, Global began an audit of its financial records because of some perceived financial difficulties. The audit revealed that between August 19, 2004, and August 23, 2005, sixty-eight (68) Automated Clearing House wire transfers involving a total of approximately $893,913.29 had been made from Global's SunTrust bank account in Washington, D.C., to ANDERSON's Navy Federal Credit Union (hereinafter "NFCU") account in Vienna, Virginia. These transfers were not authorized by Global.

3. Affiant traced the wire transfers into an account at the NFCU belonging to ANDERSON. A review of ANDERSON's NFCU account revealed sixty-eight (68) deposits from Global which were other than ANDERSON's normal payroll deposits. The deposits totaled $893,913.19 and were deposited between August 19, 2004, and August 23, 2005.

4. On or about September 1, 2005, in a recorded interview with a private investigator employed by Global, ANDERSON acknowledged wrongfully taking between $500,000 and $600,000 from Global. ANDERSON estimated that she had spent the money over approximately a one year time frame in the following manner on goods and services for her own, private use: $40,000 on travel; $20,000 on clothes; $10,000 on purses, $10,000 on a Christmas Party; $30,000 on decorations; $20,000 on down payments on cars; $5,000 on a sprinkler system; $6,000 on a gutter system; $9,000 on landscaping; $10,000 on a deck; $15,000 on general bills; $50,000 on past due bills and collections; $80,000 on jewelry; $18,000 on divorce proceedings; $22,000 on daycare; $130,000 on an upcoming wedding; $30,000 on an engagement party; $6,000 on a play set; $30,000 on furniture; and $8,000 on an intercom system.

5. ANDERSON acknowledged to the private investigator that any money deposited into her bank account above her normal salary of approximately $40,000 would be money she took from Global.

6. ANDERSON acknowledged to the private investigator that she had deposited three personnel checks from her NFCU account into Global's bank account to cover payroll. ANDERSON stated the purpose was "to put more money into the account so that checks wouldn't bounce." A review of ANDERSON'S NFCU account showed that three checks were deposited into the Global's SunTrust account. The three checks are described as the following:

a) dated 07/05/05, made payable for $60,000: b) dated 07/11/05, made payable for $90,500, and c) dated 07/28/05, made payable for $90,500. These three checks were rejected, however, due to insufficient funds.

    7. In the interview with the private investigator, ANDERSON stated "that my intent is to fix this as quickly, as soon as possible, I know this is a lot of money and it can't happen over night, but I don't intend to run from it, don't intend to hide from it, and I want to face up to it, and fix it, and I owe them that much, is to get them their money back." .

    8. A review of ANDERSON's criminal record revealed a previous felony conviction on October 30, 2003, for embezzlement in Prince William County, Virginia. In that matter, ANDERSON wrongfully took about $40,000 from Interstate Hotels and Resorts, Inc. She did so by generating checks from Interstate Hotel and Resorts, Inc., to Dale City Sports Club, then generating checks from the Sports Club to herself, and then depositing some of the checks into her Credit Union account. ANDERSON was an employee of both companies and treasurer of the Sports Club, which was a non-profit organization. ANDERSON did not have the authority to generate such checks.

    9. ANDERSON is described as a white female, weighing 216 pounds, five foot, six inches tall, with brown eyes and brown hair.

    VI. <u>CONCLUSION</u>

    Based on the foregoing, affiant respectfully submits that there is probable cause to believe that ANDERSON has engaged in the crime of wire fraud

Wherefore, affiant respectfully requests that a complaint and a warrant be issued authorizing the arrest of ANDERSON for the above-stated violation of Title 18, United States Code, § 1343.

                                                        _____
                                                        Kelly D. Bender
                                                        Special Agent
                                                        Federal Bureau of Investigation

Subscribed and sworn to before

me this _____ day of October, 2005.

_____
THE HONORABLE DEBORAH A. ROBINSON
UNITED STATE MAGISTRATE JUDGE
DISTRICT OF COLUMBIA